Per Curiam.

On appeal from a final order of the Appellate Division directing the appellant widow to turn over to the respondent executors in this discovery proceeding certain moneys alleged by them to be an asset of the decedent’s estate, the appellant seeks to bring up for review, under CPLR. 5501 (subd. [a], par. 1), a prior order of the Appellate Division *954 rejecting one of the defenses advanced by her. The respondents have moved to dismiss so much of the appeal as seeks review of the prior order, urging, in reliance on Sirlin Plumbing Co. v. Maple Hill Homes (20 N Y 2d 401), that such order was itself a final determination of a severable ‘ ‘ claim ’ ’ asserted by the appellant.
° There is no merit to this position. The theory of implied severance on which cases such as Sirlin Plumbing Co. v. Maple Hill Homes (20 N Y 2d 401, supra) are predicated, is applicable only where there has been a final disposition “ as to a distinct cause of action or part thereof ’ ’. It has no relevance where, as here, the situation is ‘ ‘ merely that the Appellate Division has finally settled some of the issues involved in a single cause of action.” (Cohen and Karger, Powers of the New York Court of Appeals, p. 92; see Matter of Lo Dolce, 12 N Y 2d 874; Matter of Collins, 9 N Y 2d 902.)
The motion to dismiss should be denied.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Motion to dismiss appeal denied.